

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 02-10-00480-CR**
**NO. 02-10-00481-CR**
**NO. 02-10-00482-CR**
**NO. 02-10-00483-CR**
**NO. 02-10-00484-CR**
**NO. 02-10-00485-CR**
**NO. 02-10-00486-CR**

MARCUS WAYNE RHODES                    APPELLANT

V.

THE STATE OF TEXAS                            STATE

----------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

According to testimony from many witnesses at trial, over the course of several years leading up to 2009, appellant Marcus Wayne Rhodes committed

---

[1]*See* Tex. R. App. P. 47.4.

aggravated sexual assault against five women and attempted to sexually assault two other women. Each woman had a criminal history, including convictions for prostitution.

In April 2009, Grand Prairie police officers arrested appellant at his job. After his arrest and after the Grand Prairie officers gave him *Miranda*[2] warnings, those officers and two Fort Worth officers recorded an interview with him. The Fort Worth officers arrived for the interview in time to watch appellant receive the *Miranda* warnings from an adjoining room through closed-circuit television. The Fort Worth officers later entered the interview room to talk to appellant while the Grand Prairie officers watched that part of the interview from the adjoining room. Appellant never said that he wanted to end the interview or talk to a lawyer.

Grand juries indicted appellant with six counts of aggravated sexual assault and two counts of attempted sexual assault, among other charges.[3] Appellant's indictments contained habitual offender notices alleging that he had been previously convicted of two other felony offenses. The trial court appointed counsel for appellant and granted his motion for the appointment of an investigator. Appellant filed motions to suppress the recorded oral statement that

---

[2] *See Miranda v. Arizona*, 384 U.S. 436, 478–79, 86 S. Ct. 1602, 1630 (1966).

[3] *See* Tex. Penal Code Ann. §§ 15.01(a), 22.011(a) (West 2011), § 22.021(a)(1)(A)(i)–(ii), (2)(A)(ii)–(iii) (West Supp. 2012).

he had made to the police. The trial court viewed the recording and held a hearing on appellant's motions but denied them.

Appellant agreed to participate in one trial to resolve all of his charges. He pled not guilty to each offense. His predominant defensive theories at trial were that the victims of his crimes were not credible and had consented to the sexual encounters that they had with him as part of prostitution agreements. After a jury heard extensive evidence and arguments from the parties, it convicted appellant of six counts of aggravated sexual assault and two counts of attempted sexual assault.

Appellant chose the trial court to assess his punishment in each case. He pled true to the indictments' habitual offender notices, and his wife testified in the punishment phase. The trial court sentenced appellant to life sentences for five of the aggravated sexual assault convictions, life sentences for each of the attempted sexual assault convictions, and a sentence of fifty years' confinement for the remaining aggravated sexual assault conviction. The court ordered each sentence to run concurrently with the others. Appellant brought these appeals.

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel avers that in his professional opinion, there are "no errors warranting reversal that can be legitimately supported by the record." Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for

relief. 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); *see In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (analyzing the effect of *Anders*). We gave appellant an opportunity to file a pro se response to his counsel's brief, but he has not done so. The State has not filed a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, we are obligated to independently examine the record and to determine whether there are arguable grounds for appeal. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). We have carefully reviewed the record and counsel's brief. We agree with counsel that the appeal is frivolous; we find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgments.

PER CURIAM

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: November 1, 2012